# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| MARIA POVACZ, | : | No. 619 MAL 2020 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| Petitioner | : | |
| | | |
| LAURA SUNSTEIN MURPHY, | : | No. 620 MAL 2020 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| Petitioner | : | |
| | | |
| CYNTHIA RANDALL AND PAUL | : | No. 621 MAL 2020 |
| ALBRECHT, | : | |
| | : | |
| Respondents | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| Petitioner | : | |
| | | |
| MARIA POVACZ | : | No. 622 MAL 2020 |
| | : | |
| | : | |

| | | |
|---|---|---|
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF: PECO ENERGY COMPANY | : | |
| | : | |
| | | |
| LAURA SUNSTEIN MURPHY | : | No. 623 MAL 2020 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF: PECO ENERGY COMPANY | : | |
| | : | |
| | | |
| CYNTHIA RANDALL AND PAUL ALBRECHT | : | No. 624 MAL 2020 |
| | : | |
| | : | |
| | : | Petition for Allowance of Appeal |
| v. | : | from the Order of the |
| | : | Commonwealth Court |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF: PECO ENERGY COMPANY | : | |
| | | |
| MARIA POVACZ | : | No. 663 MAL 2020 |
| | : | |
| Cross Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |

| | | |
|---|---|---|
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| | : | |
| Respondent | : | |
| | | |
| LAURA SUNSTEIN MURPHY | : | No. 664 MAL 2020 |
| | : | |
| Cross Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| | : | |
| Respondent | : | |
| | | |
| CYNTHIA RANDALL AND PAUL ALBRECHT | : | No. 665 MAL 2020 |
| | : | |
| | : | |
| Cross Petitioners | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| | : | |
| Respondent | : | |
| | | |
| MARIA POVACZ | : | No. 666 MAL 2020 |
| | : | |
| Cross Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, PECO ENERGY COMPANY, | : | |
| | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| Respondents | : | |
| | | |
| LAURA SUNSTEIN MURPHY | : | No. 667 MAL 2020 |
| | : | |
| Cross Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| | : | |
| PETITION OF: PECO ENERGY | : | |
| COMPANY, | : | |
| | : | |
| Respondents | : | |
| | | |
| CYNTHIA RANDALL AND PAUL | : | No. 668 MAL 2020 |
| ALBRECHT | : | |
| | : | |
| Cross Petitioners | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| | : | |
| PETITION OF: PECO ENERGY | : | |
| COMPANY, | : | |
| | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**

 **AND NOW**, this 12th day of May, 2021, the Petition for Allowance of Appeal at **619-621 MAL 2020** is **GRANTED**, **LIMITED TO** issues a., c., and, d.  The issues, as stated by Petitioner are:

(1) Did the Commonwealth Court commit an error of law by concluding that the statute does not mandate universal deployment of smart meters, which is contrary to the plain and unambiguous statutory language of Section 2807(f)(2) of the Pennsylvania Public Utility Code, 66 Pa.C.S. § 2807(f)(2)?

(2) On a question of first impression involving Act 129's smart meter deployment mandate, did the Commonwealth Court abuse its discretion by interpreting the Public Utility Code in a manner that violated the rules of statutory construction and disregarded the legislative intent of the General Assembly?

(3) Did the Commonwealth Court commit an error of law by articulating a burden of proof under Section 1501 of the Pennsylvania Public Utility Code, 66 Pa.C.S. § 1501, that could result in a utility being found in violation of the Code without evidence of harm?

 The Petition for Allowance of Appeal at **622-624 MAL 2020** is **GRANTED**, **LIMITED TO** issue a.  The issue, as stated by Petitioner is:

(1) Did the Court err when it concluded that Act 129 allows individual Consumers to reject or "opt -out" of smart meter technology, on the grounds that Act 129 requires that "Electric distribution companies shall furnish smart meter technology," Webster's Dictionary defines "furnish" as meaning "to provide with what is needed; . . . supply, give," and that this definition of "furnish" does not imply that the recipient is forced to accept that which is offered?

 The Petition for Allowance of Appeal at **663-665 MAL 2020 and 666-668 MAL 2020** is **GRANTED**, **LIMITED TO** issue b.  The issue, as stated by Petitioners is:

(1) Did the lower court err as a matter of law by upholding the PUC's interpretation of Section 1501 of the Public Utility Code as requiring as to issues of safety proof of a "conclusive causal connection" between RF exposure from smart meters and harm to Petitioners, when this heavy and unprecedented burden is not compelled by the language of the statute, where the statutory and dictionary definition of the word "safe" includes protection from the possibility of harm, not just the conclusively proven certainty of harm, and where imposition of this burden would render it impossible for Petitioners to prove their cases?

Allocatur is **DENIED** as to all remaining issues.

The Energy Association of Pennsylvania's application for leave to file *amicus* brief in support of the petitions for allowance of appeal at **619-621 MAL 2020 and 622-624 MAL 2020** is **GRANTED**.